## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**MARK R. DAVIS,**
**ADC #96353**                                                                          **PLAINTIFF**

**V.**                                    **NO. 2:10CV00035-JMM-BD**

**WALTER HOLLAWAY, et al.**                                               **DEFENDANTS**


## RECOMMENDED DISPOSITION

**I.**      **Procedures for Filing Objections**

The following recommended disposition has been sent to United States District

Court Judge James M. Moody.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of this recommendation.  A copy will be furnished

to the opposing party.  Failure to file timely objections may result in a waiver of the right

to appeal questions of fact.

Mail your objections and request for a hearing to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

II.     <u>Discussion</u>

On March 16, 2010, Plaintiff, an inmate at the Arkansas Department of Correction,

brought this action pro se under 42 U.S.C. § 1983, and submitted an application for leave

to proceed *in forma pauperis*.  (Docket entries #1 and 2)  The Court denied Plaintiff's

application to proceed *in forma pauperis* by Order of March 24, 2010, because the

financial information provided was stale.  The Court directed Plaintiff to file, within 30

days, a new *in forma pauperis* application.

In Plaintiff's Complaint, he asserted several claims and identified at least forty

Defendants in the case caption, many of whom are never mentioned in the body of the

Complaint.  Because Plaintiff's Complaint was too vague to determine whether it stated a

claim for relief against the named Defendants, Plaintiff was ordered to file an Amended

Complaint stating specific facts to support one constitutional claim, identifying each

Defendant who violated that claim, and explaining what injury he sustained as a result of

such conduct.

On April 22, 2010, Plaintiff filed a motion for an extension of time to file his

Amended Complaint, which was granted on April 26, 2010.  Plaintiff was given an

additional 14 days to file his Amended Complaint.

Plaintiff thereafter filed a notice of appeal of the Order granting the fourteen-day

extension.  Judgment was entered by the United States Court of Appeals for the Eighth

Circuit dismissing Plaintiff's appeal based on lack of jurisdiction, as the appeal was premature.

By this Court's Order of June 16, 2010, the time to file an Amended Complaint was again extended, *sua sponte*, up to and including June 30, 2010.  Plaintiff was notified that his failure to comply with the Court's orders could result in the dismissal of his claims without prejudice.  Plaintiff responded to the Court's Order stating, in essence, that filing an Amended Complaint in his case would be futile.  (#20)

Because Plaintiff has failed to pay the $350.00 statutory filing fee or submit a current *in forma pauperis application* that complies with 28 U.S.C. § 1915(a), and because Plaintiff has failed to file an Amended Complaint as instructed, his claims should be dismissed without prejudice under Local Rule 5.5(c)(2).

## III.    Conclusion

Based upon Plaintiff's failure to comply with this Court's Orders of March 24, 2010, and June 16, 2010, the Court recommends that Plaintiff's claims be DISMISSED without prejudice.

DATED this 20th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE